148 N.J. Super. 430 (1977)
372 A.2d 1130
JACK E. AEBI AND ELIZABETH AEBI, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
MONMOUTH COUNTY HIGHWAY DEPARTMENT, DEFENDANT-RESPONDENT, AND TOWNSHIP OF HOWELL, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1977.
Decided March 24, 1977.
*431 Before Judges BISCHOFF, MORGAN and KING.
Mr. Timothy P. Neumann argued the cause for appellants (Messrs. Bathgate & Wegener, attorneys).
Mr. Dana C. Argeris argued the cause for respondent Monmouth County Highway Department (Messrs. Carton, Nary, Witt & Arvanitis, attorneys; Mr. Harold K. Shulman on the brief).
*432 Mr. Donald J. Grasso argued the cause for Township of Howell (Mr. Paul X. McMenaman, attorney).
PER CURIAM.
This appeal concerns the applicability of N.J.S.A. 59:4-5, a provision of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., which reads as follows:
Neither a public entity nor a public employee is liable under this chapter for an injury caused by the failure to provide ordinary traffic signals, signs, markings or other devices.
The underlying facts of the accident which triggers this inquiry, accepted as true for purposes of this appeal, are as follows. On December 15, 1972, at about 7:40 p.m. plaintiff-appellant Jack E. Aebi was driving easterly toward a bridge on Southard Avenue, in the vicinity of its intersection with Squankum Yellowbrook Road in the Township of Howell, County of Monmouth, New Jersey. At the same time and place Roland D. Brown, deceased, not a party hereto, was driving in the opposite, a westerly, direction approaching the same bridge. When the Brown vehicle reached the bridge it struck a guard rail and was deflected into the oncoming lane of traffic where he collided with plaintiff-appellant's vehicle. Brown was killed; plaintiff was injured.
The bridge in question was owned by defendant County of Monmouth and is considerably narrower than the road on which it is located. The basis on which plaintiff sought to predicate county liability was the absence of signs and other devices warning motorists that the width of the roadway was being suddenly reduced to the width of the bridge.
Following pretrial of the case defendant County of Monmouth filed its motion for summary judgment on the basis of N.J.S.A. 59:4-5. Plaintiff appeals from the order granting this motion.
Despite its interlocutory nature[1], we elect to consider the *433 merits of this appeal and will accept the notice of appeal as if it were a notice of motion for leave to appeal which has been granted.
The provisions of the New Jersey Tort Claims Act control disposition of this case. Plaintiff seeks to avoid application of the facially applicable provisions of N.J.S.A. 59:4-5 by asserting that they only apply to conditions not created by the county. Here, plaintiff asserts, the bridge, being narrower than the road upon which it was located, resulted in a dangerous condition created by act of the county, and according to his position N.J.S.A. 59:4-5, despite its apparent relevance, should not be applied so as to cloak the county's act with immunity.
We disagree. N.J.S.A. 59:4-5 is clear and unambiguous. It renders the public entity immune from liability for its failure "to provide ordinary traffic signals, signs, markings or other devices," precisely the conduct for which plaintiff seeks to hold the county liable. If the Legislature had intended to limit this immunity to those cases in which the public entity itself had not created the condition necessitating the traffic signal or sign, it failed to give expression thereto. In any event, we have no evidence that such was its intention. N.J.S.A. 59:4-5 is entirely consistent with N.J.S.A. 59:2-3 immunizing public entities from liability for injury caused by an exercise of judgment or discretion vested in the entity. See also N.J.S.A. 59:3-2, similarly immunizing public employees for the results of discretionary activities. The determination as to the advisability or necessity of a traffic sign or warning device at any particular place requires the exercise of discretion, and hence N.J.S.A. 59:4-5 simply specifies one particular type of discretionary activity to which immunity attaches. N.J.S.A. 59:4-4, rendering the public entity liable for failure to provide "emergency" signals, provides an exception to *434 N.J.S.A. 59:4-5, and clearly has no application to the facts of this case. See Spin v. Maryland Cas. Co., 136 N.J. Super. 520 (Law Div. 1975).
Alternately, plaintiff seeks to visit liability upon defendant county for its failure to place warning signs at the access to the bridge, on the basis of N.J.S.A. 27:19-10. This provision purporting to render a county liable for failure to maintain or repair a bridge was, however, repealed by the following provision of the New Jersey Tort Claims Act, N.J.S.A. 59:12-2:
All acts and parts of acts inconsistent with this act are, to the extent of such inconsistency, repealed, including without limitation:
There follows a list of enactments expressly repealed. N.J.S.A. 27:19-10 is not among them. Nonetheless, we view that provision as having been impliedly repealed because inconsistent with N.J.S.A. 59:4-1 et seq.
The absence of warning signs or devices being the only proffered basis of county liability, summary judgment was properly granted.
Affirmed.
NOTES
[1] Plaintiff's claim against codefendant Howell Township remains unresolved. Since the order appealed from does not dispose of all issues against all parties, it is not a final judgment but an interlocutory order. See Hudson v. Hudson, 36 N.J. 549, 553 (1962).