193 N.J. Super. 469 (1984)
475 A.2d 48
DONALD W. SHUTTLEWORTH, EXECUTOR OF THE ESTATE OF BARBARA SHUTTLEWORTH, DECEASED AND DONALD W. SHUTTLEWORTH, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
CONTI CONSTRUCTION CO., INC., AND ROBERT A. WEEKS, DEFENDANTS-APPELLANTS, AND THOMAS YODICE, BOROUGH OF KINNELON AND COUNTY OF MORRIS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1983.
Decided January 17, 1984.
*470 Before Judges MICHELS and DREIER.
Steven E. Brawer argued the cause for appellants (Brawer & Green, attorneys; Steven E. Brawer of counsel and on the brief).
John J. O'Donnell argued the cause for respondent County of Morris (O'Donnell, McCord, Leslie & O'Toole, attorneys; John J. O'Donnell on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Codefendants Conti Construction Co., Inc. and Robert A. Weeks appeal, by leave granted, from an interlocutory order of the Law Division dismissing the complaints and crossclaims against defendant County of Morris. This case raises the issue of a governmental unit's responsibility for the negligent placement and maintenance of a traffic control signal under the Tort Claims Act, N.J.S.A. 59:1-1 et seq.
Defendant Weeks, a Conti employee, was traveling south on Ricker Road in the Borough of Kinnelon, Morris County, when his van struck a car heading west on Kinnelon Road. As a result of the accident plaintiff Donald Shuttleworth was injured and his wife, a passenger in his car, was killed. Ricker Road was controlled by a stop sign placed by the county, but which, *471 for the purposes of this discussion, we must assume was obscured by a bush so that it could not be seen until a driver was within a few feet of the intersection. Defendant Weeks claims that he was traveling at a speed of 25 miles per hour and applied his brakes when he saw the stop sign, but too late to avoid entering the intersection. Ricker Road had been the through street for the past several intersections and was controlled by a stop sign only where it crossed Kinnelon Road, a county highway. Weeks further testified that this was the first time he had traveled on this road and that he was unfamiliar with the area. Both Conti's and Weeks' expert and a Kinnelon policeman confirmed that the sign was obscured in the manner claimed by Weeks.
The county acknowledged that it installed the stop sign and that it was responsible for maintaining it. Further, the county's records showed that a sign crew replaced a post on the sign approximately five and one-half months before the accident, and that after the accident the sign was moved and two advance-warning signs were installed as well as a stop sign on the left-hand side of the road "to help improve visability." The county road superintendent stated in depositions that the county not only maintained the signs but trimmed trees, shrubs or bushes in the immediate vicinity of stop signs in order to improve visibility. There was no record of such action having been taken here, although the offending bush was on county-owned land.
On these facts Morris County moved for summary judgment on the basis of N.J.S.A. 59:4-5 which reads:
Neither a public entity nor a public employee is liable under this chapter for an injury caused by the failure to provide ordinary traffic signals, sign, markings or other similar devices.
Although this statute contains no express provision making it subject to the general standards of N.J.S.A. 59:4-2 (the "palpably unreasonable" test), the trial judge made apparent reference to that test, but then held as a matter of law that the test could not have been met on the facts of this case. ("[T]his *472 Court finds on the evidence as a matter of law that the minds of reasonable people could not differ, that the condition which existed at the intersection was not palpably dangerous, was not a palpably unreasonable condition.") We disagree with the trial court's analysis and reverse.
Prior to the Tort Claims Act the case law provided immunity for the discretionary municipal action of determining whether or not to place ordinary traffic control devices at a particular intersection. Hoy v. Capelli, 48 N.J. 81 (1966). A different rule attached where the challenged municipal action was the placing of emergency traffic control devices and a lower level discretion was being reviewed, namely, how to allocate resources in the face of competing demands to meet a perceived or acknowledged danger, in which case the municipal action would be protected "unless it is palpably unreasonable." Bergen v. Koppenal, 52 N.J. 478, 480 (1968). These standards were carried forward into the Tort Claims Act in N.J.S.A. 59:4-5, quoted above, and N.J.S.A. 59:4-4 concerning the failure to place emergency signals, which incorporates the "palpably unreasonable" standard of N.J.S.A. 59:4-2.
In the case before us we have neither situation present. We are not asked to review municipal inaction in placing a stop sign on Ricker Road where it crossed Kinnelon Road. That decision, if made negatively, would have been protected by N.J.S.A. 59:4-5. Defendant county urges that if it would have been protected if it determined not to place the stop sign at the intersection, placing the sign there in such a manner that it was obscured was an action of lesser consequence and likewise should be protected. This argument fails to perceive the nature of the statutory exemption. The Legislature determined that the courts should not second guess a county or municipal legislative decision to control or not to control an intersection. This discretionary action was explained in Hoy. In our case the county made such a determination, and thus we are not interfering with the governmental discretion in determining whether or not to control the intersection with a stop sign. Whether we *473 view this case as one challenging the manner in which the sign was originally placed given the sight lines along Ricker Road, or the manner in which the sign was maintained and the bushes trimmed (the offending bush, as we noted was on county property), the challenge is to the creation or maintenance of a dangerous condition after the discretionary activity had been taken by the county. Thus, cases such as Aebi v. Monmouth Cty. Highway Dept., 148 N.J. Super. 430 (App.Div. 1977), where county responsibility was urged and rejected on the basis of the failure to provide warning signs, are inapposite.
The county next urges that the failure to trim foliage so that the sign would be visible is not actionable under Johnson v. Southampton Tp., 157 N.J. Super. 518 (App.Div.), certif. den. 77 N.J. 485 (1978). There the court first found that there was absolute protection to the municipality for failure to install signs or traffic controls at or near the intersection, even though the plaintiff had claimed that the absence of signs "caused the operator of the motorcycle to feel a `false sense of security.'" Id. at 522. N.J.S.A. 59:4-5 provided immunity from such a claim. In responding to plaintiff's allegation that the road and intersection themselves constituted a dangerous condition, the court first noted the inapplicability of N.J.S.A. 59:4-4 with respect to emergency signals or devices and then stated:
There is no allegation made by plaintiffs that the roads in question were obstructed or that the right-of-way contained a dangerous condition. The limited ability to make observations on either side of the road caused by trees and vegetation simply served as a warning that due care must be maintained. The road conditions which presented themselves to the plaintiff passenger and his operator did not constitute a `trap.' [157 N.J. Super. at 523.]
Later in its opinion the court also noted:
The natural obstructions to observations made from the roadway caused by trees, underbrush and grass do not constitute the type of `dangerous condition which endangered the safe movement of traffic' requiring emergency signals, signs or markings as provided in N.J.S.A. 59:4-4. [Id. at 525]
The claim passed upon in Johnson is not the one before this court. We are not dealing with the general vegetation along Ricker Road. We are dealing with the manner in which the county either installed or maintained its stop sign and the *474 bush that obscured it, all on county property. N.J.S.A. 59:4-2 provides:
A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
As the Supreme Court noted in Brown v. Brown, 86 N.J. 565, 580 (1981), the decision whether the actions taken by the public entity to protect against the dangerous condition or the failure to take such action was "palpably unreasonable" is for a jury. See also Paternoster v. N.J. Transp. Dept. 190 N.J. Super. 11, 20 (App.Div. 1983).
Summary judgment granted by the Law Division is reversed and this matter is remanded to the Law Division for trial. We do not retain jurisdiction.