218 N.J. Super. 56 (1987)
526 A.2d 1116
EVELYN WOOLEY AND JOHN WOOLEY, PLAINTIFFS-APPELLANTS,
v.
BOARD OF CHOSEN FREEHOLDERS, COUNTY OF MONMOUTH, STATE OF NEW JERSEY; MONMOUTH COUNTY BRIDGE DEPARTMENT AND/OR MONMOUTH COUNTY HIGHWAY DEPT., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1987.
Decided June 4, 1987.
*58 Before Judges GAYNOR and SCALERA.
Jeffrey S. Roth argued the cause for appellants (Roth & Roth, P.A., attorneys).
Charles P. Hopkins argued the cause for respondents (Sparks & Sauerwein, attorneys).
The opinion of the court was delivered by GAYNOR, J.A.D.
In this negligence action, plaintiffs appeal from the summary judgment dismissing their complaint, contending that the existence of factual issues precluded such a disposition. We agree and reverse.
On December 1, 1981 plaintiff, Evelyn Wooley, was proceeding in her car across the bridge on Old Corliss Avenue in Neptune Township when the car skidded on ice, careened down *59 the bridge approach out of control, crashed through the wooden guard rail and fell into a 20-foot ravine. Recovery for the injuries thereby sustained by Ms. Wooley was sought in this action against the County of Monmouth or its Highway Department for the negligent failure to provide and maintain an effective barrier at this location to contain and redirect automobiles onto the roadway. It was alleged that such conduct of the county, or its agent, created a dangerous condition thereby rendering the county liable for plaintiff's[1] injuries. Defendant set up various defenses under the Tort Claims Act (N.J.S.A., 59:1-1, et seq.) including the plan or design immunity provided under N.J.S.A. 59:4-6, as well as denying that the guard rails constituted a dangerous condition.
The county moved for summary judgment on the ground of the immunity granted under N.J.S.A. 59:4-6. In ruling in favor of the county, the motion judge concluded that the design or plan immunity was applicable and further that plaintiffs had failed to establish that defendant's conduct with reference to the maintenance of the guard rails was palpably unreasonable  a prerequisite for a recovery based upon the dangerous condition of a public entity's property.[2] In reaching these conclusions, the judge reasoned:
Based upon the proof in this case, [which] has been submitted to me in the affidavits, and the photographs, et cetera, and the information by both counsel, I am satisfied that the immunity of the statute 59:4-6 applies, and insofar as the claim is made by this plaintiff with respect to design, et cetera, the defendants herein are entitled to the plan design immunity, and the summary judgment is granted with respect to thereto.
There is no doubt in my mind that this design as submitted and approved in 1948 included and incorporated that area through which this plaintiff ultimately went with her automobile at the time of this accident.
* * * * * * * *

*60 The additional problem that may be here and is pursued by the plaintiff is that there is improper maintenance of this guard rail and the posts thereof predicated upon the evidence of the expert, Mr. Nolte.
I read his report a couple of times, and I find nothing in his report at all which says that what the County did or failed to do with respect to maintenance of this guardrail was palpably unreasonable.
* * * * * * * *
There is nothing in his report that says that condition which he found existed at the time of the occurrence or that if it did exist at the time of the occurrence that which the County did in maintaining this bulkhead, was palpably unreasonable.
* * * * * * * *
I find from the evidence submitted to me on this motion that there is no such evidence that the County activities were palpably unreasonable in the maintenance hereof....

I
The plan or design immunity provided under N.J.S.A. 59:4-6 extends to
an injury caused by the plan or design of public property, either in its original construction or any improvement thereto, where such plan or design has been approved in advance of the construction or improvement by the Legislature or the governing body of a public entity or some other body or a public employee exercising discretionary authority to give such approval or where such plan or design is prepared in conformity with standards previously so approved.
To be entitled to immunity under this section the public entity must demonstrate that the injury was caused by an approved plan or design of the "original construction or any improvement thereto." See Ellison v. Housing Auth. of South Amboy, 162 N.J. Super. 347, 351 (App.Div. 1978). The plan or design must have been "approved in advance of construction by a public employee exercising discretionary authority to give such approval" Costa v. Josey, 83 N.J. 49, 52 (1980).
Here, it was disputed whether plans covering the reconstruction of a bulkhead in the area of plaintiff's accident and providing for the construction of "275 feet of new timber guide rail" pertained to the construction of new guide rails at the location of the accident. Plaintiffs' expert opined that the plan did not disclose an intention to construct rails in that particular area, while the view of defendant's expert was to the contrary. *61 Clearly, a factual issue was thus presented as to whether a plan or design of the offending guard rails had been approved in advance of the construction  a statutory prerequisite for the application of the immunity.[3]See Ellison, supra, 162 N.J. Super. at 351. This dispute as to whether the plan for the construction of the new guide rails pertained to where the accident occurred or an adjacent area presented a genuine issue of a material fact, thereby precluding the summary disposition in favor of the county. Ibid. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954).

II
In seeking recovery against the county because of the alleged dangerous condition created by the inadequately maintained guard rails, plaintiffs relied upon N.J.S.A. 59:4-2. This statute renders a public entity liable for injury caused by the condition of its property if it is established (1) the property was in a dangerous condition at the time of the injury, (2) the dangerous condition proximately caused the injury, (3) the dangerous condition created a reasonably foreseeable risk of the kind of injury that occurred, and (4) a public employee created the dangerous condition or the public entity had notice in time to protect against the condition. Kolitch v. Lindedahl, 100 N.J. 485, 492-493 (1985). However, there can be no recovery unless the action or inaction of the public entity in protecting against the condition was palpably unreasonable. Ibid; see also Brown v. Brown, 86 N.J. 565, 575 (1981).
Palpable unreasonableness refers to conduct which is "plainly, obviously, distinctly or manifestly unreasonable." Polyard v. Terry, 148 N.J. Super. 202, 216 (Law Div. 1977), rev'd on other grounds, 160 N.J. Super. 497 (App.Div. 1978), aff'd, 79 *62 N.J. 547 (1979). The burden of proving that the action or inaction of the public entity is so unreasonable as to warrant a recovery under N.J.S.A. 59:4-2 rests with the plaintiff. Kolitch v. Lindedahl, 100 N.J. at 493; see also Fox v. Township of Parsippany-Troy Hills, 199 N.J. Super. 82, 90-91 (App.Div. 1985), certif. den., 101 N.J. 287 (1985). And, as noted in Polyard "the application of general principles of jury trials makes it clear that it is a jury question of whether or not the State's actions were `palpably unreasonable' ... except in cases where reasonable men could not differ." 148 N.J. Super. at 218. See also Shuttleworth v. Conti Constr. Co., Inc., 193 N.J. Super. 469, 474 (App.Div. 1984).
As indicated, the motion judge concluded that plaintiffs had failed to make a prima facie showing of palpable unreasonableness in the manner in which the county had maintained the guard rail. This conclusion was based upon the judge's reading of the report of plaintiff's expert in which he found nothing to suggest that the failure to properly maintain the guard rail was palpably unreasonable conduct. In so ruling, however, the motion judge failed to consider whether a factual issue as to the county's action or inaction had been raised by virtue of all the evidential material submitted in opposition to the summary judgment motion. These submissions, according them the indulgence required in acting upon a summary judgment motion, see Garley v. Waddington, 177 N.J. Super. 173, 179 (App.Div. 1981), were sufficient to create a jury question as to whether the county had acted manifestly unreasonably in its maintenance of the subject guard rail. While the motion judge may ultimately be proven to have been right in his assessment of plaintiff's proofs, the issue was one for the jury. Shuttleworth v. Conti Constr. Co., Inc., supra.

III
Although not addressed below, there is no merit to defendant's further contentions that the summary judgment was properly entered because plaintiff had failed to come *63 forward with evidence demonstrating a causal relationship between the accident and the alleged negligence, or had failed to establish prior actual or constructive notice to the county of a poorly maintained guard rail. The proximate cause issue was met directly by plaintiffs' expert in opining that the accident would not have occurred if "a properly designed roadside barrier system had been installed." And, plaintiffs' submissions concerning prior accidents involving wooden guard rails and the inadequacies of such guard rails as set forth in reports of the county engineer and the New Jersey Department of Transportation clearly were sufficient to raise material issues of fact as to defendant's notice of the allegedly dangerous condition. Speaks v. Jersey City Housing Authority, 193 N.J. Super. 405 (App.Div. 1984), certif. den. 97 N.J. 655 (1984); McGowan v. Borough of Eatontown, 151 N.J. Super. 440 (App. Div. 1977).
The order of May 15, 1986 is reversed and the matter is remanded to the Superior Court, Law Division, Monmouth County, for further proceedings.
NOTES
[1] Plaintiff in the singular form refers to Evelyn Wooley.
[2] The judge reaffirmed his decision after considering additional documentation which plaintiffs were permitted to submit after the motion had been decided.
[3] The motion judge avoided this dispute by reading the plan as incorporating and approving the then existing guard rails and concluding that this was sufficient for the application of the statutory immunity. However, such an application of the statute overlooks the requirement that the plan or design be approved in advance of the construction.