725 A.2d 141

JOSEPH J. MORRISON, INDIVIDUALLY AND JOSEPH J. MORRISON, ADMINISTRATOR AD PROSEQUENDUM FOR THE ESTATE OF EUGENIA MORRISON, DECEASED, PLAINTIFF–APPELLANT, v. TOWNSHIP OF LUMBERTON, DEFENDANT, AND COUNTY OF BURLINGTON, DEFENDANT/THIRD PARTY PLAINTIFF–RESPONDENT, v. JOYCE L. RILEY AND PAUL F. RILEY, JR., THIRD PARTY DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued February 17, 1999—Decided March 15, 1999.

Before Judges LONG, KESTIN and CARCHMAN.

*Alexander J. Wazeter*, argued the cause for appellant.

*Patricia L. Dee*, argued the cause for respondent (*Capehart & Scatchard*, attorneys; *Ms. Dee*, of counsel; *Alison M. Nissen*, on the brief).

The opinion of the Court was delivered by

CARCHMAN, J.A.D.

Eugenia Morrison was fatally injured when a car driven by third-party defendant Joyce L. Riley proceeded through a stop sign and struck the car in which she was a passenger.[1] Plaintiff brought this action pursuant to the Tort Claims Act, *N.J.S.A.* 59:1–1 to 2–3, against defendant Township of Lumberton (Lumberton) and defendant County of Burlington (Burlington) alleging that both governmental entities had created and maintained a dangerous condition which was a proximate cause of this accident.

Lumberton was successfully granted summary judgment without opposition. Burlington also moved for summary judgment relying on our decision in *Johnson v. Township of Southampton*, 157 *N.J.Super.* 518, 385 *A.*2d 260 (App.Div.), *certif. denied*, 77 *N.J.* 485, 391 *A.*2d 499 (1978). Plaintiff responded by relying on our later decision in *Shuttleworth v. Conti Construction Co.*, 193 *N.J.Super.* 469, 475 *A.*2d 48 (App.Div.1984). The trial judge concluded that *Johnson* applied and dismissed plaintiff's complaint. We agree and affirm.

These are the facts. The accident occurred in Lumberton at the intersection of Stacy Haines Road, a county road, and Ark Road, a municipal road. The intersection is controlled by a stop sign on Ark Road and a "stop ahead" sign 475 feet from the intersection. There is no traffic control device on Stacy Haines Road. Riley was proceeding north on Ark Road traveling at about forty miles per hour. She claims not to have seen the stop sign

---

[1] Plaintiff Joseph J. Morrison, the driver, brings this action individually and as administrator ad prosequendum for the Estate of Eugenia Morrison. For ease of reference, we will refer to Joseph J. Morrison as plaintiff.

"until it was too late." In describing her traveling along Ark Road, she stated during discovery that the trees lining the intersection gave her a feeling of "tunnel vision." See added, "[y]ou didn't expect something to be coming, another road to be crossing. You just felt you were just going straight. That's how this really all happened. I never had the feeling of another road crossing it."

Plaintiff produced an expert in opposition to Burlington's motion for summary judgment. The thrust of his opinion was that there was a failure of the responsible entity to maintain appropriate sight lines and sight triangles for a distance of 513 feet. The expert opined that the only available sight distance *on Stacy Haines Road* was 330 feet. He also opined that the sight distances on Ark Road were limited by deciduous trees located twelve to fifteen feet from the edge of the pavement. A narrative in the police report reviewed by the expert noted that the stop sign was "clearly visible."

In *Johnson, supra,* plaintiff was injured when as a passenger on a motorcycle, the driver failed to properly negotiate a turn at a "Y" intersection and struck a guardrail. Plaintiff brought an action against the municipality asserting that the municipality maintained a dangerous condition by failing to provide adequate warning signs or devices and that the trees and bushes bordering the road, as well as an abutting grassy triangle at the "Y," created a dangerous condition. We affirmed the dismissal of plaintiff's complaint and made the following observations:

> The road in question was unimpeded. Like any road or highway, there were obstructions next to the right-of-way which interfered with a compass range visibility but the roadway itself was unobstructed. There was nothing in or on the roads in question which constituted a dangerous condition.
>
> . . . .
>
> . . The limited ability to make observations on either side of the road caused by trees and vegetation simply served as a warning that due care must be maintained.
>
> [*Johnson, supra,* 157 *N.J.Super.* at 523, 385 *A.2d* 260.]

We distinguished *Johnson* in our decision in *Shuttleworth, supra.* In *Shuttleworth,* defendant's car went through a stop sign striking plaintiff's car. The stop sign "was obscured by a bush so that it

could not be seen until a driver was within a few feet of the intersection." *Id.* at 471, 475 *A.*2d 48. The county was responsible for maintaining the stop sign and regularly trimming the trees, shrubs and bushes in the immediate vicinity of the sign to improve viability. We rejected the county's argument that it was immune from liability under the provisions of *N.J.S.A.* 59:4–5 (precluding liability for the failure to provide ordinary traffic signals or signs). We noted that the "challenge is to the creation or maintenance of a dangerous condition after the discretionary activity had been taken by the county." *Id.* at 473, 475 *A.*2d 48. We then distinguished *Johnson* and noted that "[w]e are not dealing with the general vegetation along Ricker Road. We are dealing with the manner in which the county either installed or maintained its stop sign and the bush that obscured it, all on county property." *Id.* at 473–74, 475 *A.*2d 48; *see N.J.S.A.* 59:4–2 (imposing liability on a public entity for injury caused by a dangerous condition of its property).

We conclude that *Johnson* applies here. The expert report focuses on sight lines and sight triangles at the intersection, that is, the point of the stop for the stop sign. More importantly, however, no mention is made by either Riley or the expert that the stop sign was in any way obscured or blocked by vegetation or a condition that could be remedied short of trimming back hundreds of feet of trees. Riley generalized observation that she had a feeling of "tunnel vision" is hardly sufficient to meet the necessary standard for establishing that Burlington maintained a dangerous condition which would bring this case within *Shuttleworth.*

We note as well that Ark Road was not a county road but a municipal road. While the obligation to maintain the stop sign rested with Burlington, nothing is contained in the record to suggest that the stop sign itself was obscured. By their very nature, foliage and trees along a roadway will have a "blocking" effect. This is the type of condition that we considered in *Johnson.* The broad duty to cut back foliage hundreds of feet from the sign is one that would be imposed on Lumberton rather

than Burlington. Burlington was obligated to maintain the sign, not the roadway. We are also mindful of the presence of a "stop ahead" sign which was neither addressed by Riley in her deposition testimony nor by the expert in his report.

We are satisfied that Judge Almeida correctly conclude that *Johnson* governs under the facts presented and properly granted summary judgment.

Affirmed.