787 A.2d 963 (2002)
346 N.J. Super. 346
Eleanor MASLO, Plaintiff-Appellant,
v.
CITY OF JERSEY CITY, City of Jersey City Department of Parks and Forestry, John P. Kirchner, et als., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Submitted November 13, 2001.
Decided January 7, 2002.
*964 Coughlin & Gargano, Jersey City, attorneys for appellant (Raymond T. Coughlin, on the brief).
Barry, McTiernan & Moore, attorneys for respondent (Richard W. Wedinger, of counsel; Daniel W. Sexton, Jersey City, on the brief).
Before Judges PRESSLER, LANDAU and LEVY.
The opinion of the court was delivered by LANDAU, J.A.D.
Plaintiff, Eleanor Maslo, filed a Law Division complaint in December 1998, alleging that she suffered injuries in December, 1996, as a result of a fall on a Jersey City sidewalk that abuts a private residence. Joined as defendants were Joseph Kirchner (the residential property owner), the City of Jersey City and its Department of Parks and Forestry. The latter defendants are hereafter jointly referred to as the "City." The claim against Kirchner was dismissed by a summary judgment order entered on July 6, 2000, and is not here in issue.
Maslo appeals from an order of January 5, 2001, that granted summary judgment to the City while denying her cross-motions for adjournment of the trial date and for an order compelling further depositions and an award of fees. She argues that the sidewalk in question must be deemed "public property" under Norris v. Borough of Leonia, 160 N.J. 427, 734 A.2d 762 (1999), and that summary judgment should have been denied because the City had both actual and constructive notice of its "dangerous condition." Maslo urges, too, that the court erred in denying her cross-motions.
While giving Norris its broadest possible reading for purposes of the motion, the judge concluded that Maslo failed to present a sufficient showing of actual or constructive notice, or of public employee creation of the condition, required under N.J.S.A. 59:4-2-3, to defeat a summary judgment motion under the standards enunciated in Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 666 A.2d 146 (1995).
Maslo asserts that a factual issue as to constructive or actual notice was created because her expert opined that an observable difference in the height of two sections of the sidewalk, contended to be the cause of her trip and fall while running for a bus, would have been noticeable for a year or more. She points out that city streets and sidewalks are inspected by the City's Neighborhood Improvement Department. The record before us demonstrates that no agency of the City, including Neighborhood Improvement had notice of the problem. Indeed, even Maslo, a resident of the neighborhood, said she was unaware of the condition of the sidewalk.
We note that the judge declined to comment about the qualification contained in N.J.S.A. 59:4-2 providing that, "[n]othing in this section shall be construed *965 to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable." While we agree with the judge's determination respecting lack of notice, we also believe that the record was insufficient, even when viewed in the light most favorable to the plaintiff, to permit a rational fact-finder to resolve the issue of palpable unreasonableness in her favor. See Brill, supra, 142 N.J. at 540, 666 A.2d 146. The burden of proving that a public entity's action or inaction was palpably unreasonable rests with the plaintiff.
The Supreme Court has pointed out that "palpably unreasonable" implies behavior that is patently unacceptable under any circumstances, and that it must be manifest and obvious that no prudent person would approve of the public entity's course of action or inaction. Holloway v. State, 125 N.J. 386, 403-04, 593 A.2d 716 (1991); Kolitch v. Lindedahl, 100 N.J. 485, 493, 497 A.2d 183 (1985). Most recently, the Supreme Court reasserted this stringent view of the phrase "palpably unreasonable" in Wymbs v. Township. of Wayne, 163 N.J. 523, 532, 750 A.2d 751 (2000). The term "palpably unreasonable" connotes "`behavior that is patently unacceptable under any given circumstance.' "Ibid. (quoting Kolitch, supra, 100 N.J. at 493, 497 A.2d 183).
The record in the present case, including the materials presented on behalf of Maslo, shows that Chapter 296 of the Jersey City Code in effect at the time of the accident requires that owners maintain their premises, including sidewalks, free from hazardous objects or conditions so as to afford safe passage and use. Additionally, the City had established a Department of Neighborhood Improvement that monitors compliance and, through the Department of Housing, enforces compliance.
While Maslo's expert measured the difference in elevation between two portions of the sidewalk at slightly over an inch, and concluded that the condition must have been in existence for at least a year, this does not equate with actual or constructive notice. It has been observed that, in applying the test such as that required for consideration of a summary judgment motion in a Tort Claims Act case, a judge should consider the declared legislative policy which shaped the application and interpretation of the Act and the Commission's Comment to N.J.S.A. 59:4-2 that "`recognize[d] the difficulties inherent in a public entity's responsibility for maintaining its vast amounts of public property.' " Polyard v. Terry, 160 N.J.Super. 497, 506, 390 A.2d 653 (App.Div.1978), aff'd o.b. 79 N.J. 547, 401 A.2d 532 (1979).
Here, under its Code, the City has undertaken to place responsibility for maintenance and repair of sidewalks upon property owners, including residential property owners. Notably, too, if the sidewalk in question must be deemed "public property" under Norris, it is not because of the City's ownership, but because of its control of the public easement. Norris, supra, 160 N.J. at 443, 734 A.2d 762.
As observed by Justice Stein in his concurring opinion in Garrison v. Township of Middletown, 154 N.J. 282, 712 A.2d 1101 (1998), the question of palpable unreasonableness may be decided by the court as a matter of law in appropriate cases. Id. at 311, 712 A.2d 1101 (citing Wooley v. Bd. of Chosen Freeholders, 218 N.J.Super. 56, 62, 526 A.2d 1116 (App.Div.1987)). See also, Black v. Borough of Atl. Highlands, 263 N.J.Super. 445, 452, 623 A.2d 257 (App.Div.1993)("palpably unreasonable" determination finding, "like any other fact question before a jury, is subject to the court's assessment whether it can reasonably be made under the evidence presented"). *966 We note that in Garrison, the township actually owned the property in which a one-inch to one-and-one-half-inch declivity was the subject of its alleged negligence. In their concurrence, Justices Stein and O'Hern concluded that a township's failure to repair such declivity absent prior complaints or reports, would be insufficient to permit reasonable jurors to conclude that the "[t]ownship's inaction... was patently unacceptable in a way so manifest and obvious that no prudent person would approve of its inaction." Garrison, supra, 154 N.J. 282 at 311, 712 A.2d 1101.
Given the policy of the Tort Claims Act, the absence of notice, the City's adoption of a code requiring maintenance and repair of sidewalks by their property owners, and the vast amount of Jersey City sidewalks which appear to be subject to the rules governing public property under Norris, we hold that a rational fact-finder could not resolve the question of palpable unreasonableness in favor of Maslo on this record.
Finally, we have reviewed carefully the record with a view to Maslo's argument challenging the court's refusal to grant time for further discovery. We are entirely satisfied that the court's ruling represented a reasonable exercise of discretion in the circumstances.
For these reasons and for the reasons set forth by Judge Curran in her oral opinion of January 5, 2001, the order granting summary judgment to the City is affirmed.