```
┌─────────────────────────────────────────────────────┐
│           NOT FOR PUBLICATION WITHOUT THE             │
│           APPROVAL OF THE APPELLATE DIVISION          │
│                                                       │
│  This opinion shall not "constitute precedent or be   │
│  binding upon any court." Although it is posted on    │
│  the internet, this opinion is binding only on the    │
│  parties in the case and its use in other cases is    │
│  limited. R. 1:36-3.                                  │
└─────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5642-16T3

EDWARD GROSS and JUDY GROSS,
his wife,

    Plaintiffs-Appellants,

v.

BOROUGH OF FORT LEE,

    Defendant-Respondent,

and

CHURCH OF GOOD SHEPARD,

    Defendant.

_____

Argued July 2, 2018 — Decided July 23, 2018

Before Judges Carroll and Rose.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5742-15.

Sheri A. Breen argued the cause for appellants (Law Offices of Rosemarie Arnold, attorneys, Natalie A. Zammitti Shaw, on the briefs).

Joanne M. Venino argued the cause for respondent (Keenan & Doris, LLC, attorneys, Ian C. Doris, of counsel, Joanne M. Venino, on the brief).

PER CURIAM

Plaintiff Edward Gross[1] appeals from the Law Division's June 9, 2017 summary judgment dismissal of his slip and fall negligence complaint against defendant Borough of Fort Lee and from a July 21, 2017 order denying reconsideration. We affirm.

The facts, viewed most favorably to plaintiff, <u>Brill v. Guardian Life Insurance Company of America</u>, 142 N.J. 520, 540 (1995), are accurately summarized in Judge Robert C. Wilson's June 9, 2017 written opinion as follows:

> On or about September 4, 2014, [p]laintiff . . . tripped over raised pavers while walking on Parker Avenue in Fort Lee, New Jersey. He fell to the ground and sustained injuries. Neither he nor his wife saw the raised pavers before he fell. Plaintiff testified at his deposition that he was familiar with the area and lived right down the block from it. Plaintiff's wife reported the condition to the Borough the day after the accident.
>
> As part of their duties and depending on the season, the Fort Lee Department of Public Works ("DPW") employees cut grass, collect garbage, remove snow and remove leaves on public property in the Borough, including Parker Avenue. If, during the course of performing these duties, DPW employees had seen that the pavers on Parker Avenue where [p]laintiff fell had shifted, they would have reported it to their supervisor who would then direct DPW employees to correct the condition,

---

[1] In our opinion we refer to Edward Gross as plaintiff, although we recognize Judy Gross, his wife, also has filed a derivative claim for loss of consortium.

A-5642-16T3

per protocol. The DPW Assistant Superintendent at the time of the accident, Michael Meresca ("Meresca"), first learned of the accident when he was informed by his then supervisor, Tony Leone ("Leone"), that someone had fallen and to send someone to fix it. Meresca sent DPW employees to repair the condition the same day he was informed of the accident.

The public sidewalk on Parker Avenue where plaintiff allegedly fell abuts the Fort Lee Museum, which is owned by the Borough. Neither plaintiff nor his wife reported the condition of the raised pavers to the Borough prior to his fall. The next day, plaintiff's wife took photographs of the sidewalk where plaintiff fell and, as indicated, reported the condition to the Borough.

On June 19, 2015, plaintiff filed suit against the Borough[2] alleging a dangerous condition of property, and seeking damages for his personal injuries, including related pain and suffering. Because plaintiff's cause of action involved a public entity, he was required to satisfy the mandates of the New Jersey Tort Claims Act ("TCA"), N.J.S.A. 59:1-1 to -12-3.

During discovery, plaintiff produced the report of his expert engineer, George Gianforcaro, P.E. Gianforcaro inspected the

---

[2] Plaintiff also named Church of Good Shepherd as a defendant, but it was subsequently dismissed from the litigation and is not a party to this appeal.

sidewalk on September 23, 2016, two years after the accident. Because the Borough had repaired the pavers by that time, Gianforcaro's conclusions were drawn from the photographs taken by plaintiff's wife. By looking at the photographs, Gianforcaro noted: "There is a 'Cluster' of Brick Pavers that are at a higher elevation than the adjacent Brick Pavers. The 'cluster['] of Brick Pavers consist[s] of [fifteen] to [twenty] Brick Pavers that are one (1) to two (2) inches higher in elevation than the adjacent Brick Pavers throughout the 'Cluster.'" Additionally, he concluded,

> The Raised Brick Pavers created . . . dangerous, hazardous and palpably unreasonable conditions for a person or persons attempting to traverse the Public Sidewalk. The Raised Brick Pavers in the Public Sidewalk created a Walking Surface that is not on a level, even and uniform plane with the adjacent Walking Surfaces in the Public Sidewalk. The Raised Brick Pavers have existed for a long period of time. Based on the Raised or "Upheaval" of Brick Pavers, it is this Engineer's opinion that this condition has existed for a long period of time. This condition has existed for a period of more than five (5) years.

Following the completion of discovery, the Borough moved for summary judgment, and to bar Gianforcaro's report and testimony as an inadmissible net opinion. The Borough argued plaintiff failed to prove his fall was caused by a dangerous condition on public property and, even if it existed, plaintiff did not

4

demonstrate defendant had actual or constructive notice of the alleged dangerous condition or that its actions in addressing the condition were palpably unreasonable.

On June 9, 2017, Judge Wilson granted summary judgment and dismissed plaintiff's complaint. In granting the motion, the judge held that, as a matter of law, plaintiff failed to establish that the Borough had actual or constructive notice of the alleged dangerous condition, or that it acted in a palpably unreasonable manner. In his comprehensive written opinion, Judge Wilson explained:

> This [c]ourt finds that the Borough did not have actual or constructive notice of the raised pavers prior to [p]laintiff's accident as required under [N.J.S.A. 59:4-2]. As to actual notice, this [c]ourt finds that . . . [p]laintiff has failed to proffer any evidence that the Borough knew of any alleged dangerous condition at the subject location prior to the date of this accident. There is no evidence that any specific complaints were made to the Borough about the condition of the sidewalk. The Borough was put on notice only after the accident had occurred, when [p]laintiff's wife called the DPW the day after the accident. The burden is on . . . [p]laintiff to provide evidence of actual notice of a dangerous condition on the part of the Borough but he has not met this burden. <u>See</u> <u>Norris [v. Borough of Leonia]</u>, 160 N.J. [427, 448 (1999)].
>
> In accordance with N.J.S.A. 59:4-3(b), in order for the [Borough] to be held liable for [p]laintiff's alleged injuries on the theory that it had constructive notice of a dangerous

condition, [plaintiff] must proffer evidence that a dangerous condition had "existed for such a period of time and was [of] such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3; Carroll v. N.J. Transit, 366 N.J. Super. 380 (App. Div. 2004).

This [c]ourt also finds that [p]laintiff has failed to present any evidence that would reach the level of constructive notice of the alleged dangerous condition. It is well-settled that a public entity is only liable for a dangerous condition of his property when an alleged dangerous condition is of an obvious nature. N.J.S.A. 59:4-3. No proof is offered that shows the raised pavers existed in this condition for a significant period of time, except [p]laintiff's expert stating that the condition of the pavers is a result of improper maintenance over the last five years based on pictures [p]laintiff's wife took of the raised pavers. However, the mere existence of an alleged dangerous condition is not constructive notice of it. Fine v. City of Margate, 48 F. Supp. [3d] 772, 781 (D.N.J. 2014) (quoting Polzo v. Cty. of Essex, 196 N.J. 569, 581 (2008)). With only the pictures taken by [p]laintiff's wife, the raised pavers' existence on Parker Avenue does not rise to the level of "obvious" for the purposes of N.J.S.A. 59:4-3. As such, the Borough had no actual or constructive notice of this alleged dangerous condition.

. . . .

Had the condition of the pavers on Parker Avenue been obvious, someone would have reported to the Borough. In that scenario, it would have been palpably unreasonable for the Borough not to send out DPW employees to repair the pavers. However, [plaintiff] elicit[s] no facts to show that the condition

6

> was clearly obvious and glaring before the accident such that the Borough's failure to notice it and repair it was palpably unreasonable. Plaintiff and his wife never reported this condition to the Borough that evening before [p]laintiff's accident. There is also no record of any other pedestrian informing the Borough of the raised pavers. Given the lack of complaints, the Borough's inaction prior to [p]laintiff's accident was not palpably unreasonable under the circumstances.

Having dismissed the complaint, the court denied the motion to bar Gianforcaro's report and testimony as moot. On July 21, 2017, the court denied plaintiff's motion for reconsideration. This appeal followed.

On appeal, plaintiff argues that summary judgment was improper because there were genuine issues of material fact as to the existence of a dangerous condition, the Borough's constructive notice thereof, and whether the Borough's failure to take action was palpably unreasonable.[3] We disagree and affirm substantially for the reasons expressed in Judge Wilson's thoughtful written opinion. We add the following comments.

We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J.

---

[3] Plaintiff does not address the denial of the motion for reconsideration. An issue not briefed is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); see also, Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2018).

36, 59 (2015). Summary judgment should be granted only if the record demonstrates there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill, 142 N.J. at 540). If no genuine issue of material fact exists, the inquiry then turns to "whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted).

Defendant is a public entity, requiring assessment of the claimed liability against the immunity provisions of the TCA, which serves as "the statutory mechanism through which our Legislature effected a waiver of sovereign immunity." D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 133 (2013). We recognize "the 'guiding principle' of the [TCA] is 'that immunity from tort liability is the general rule and liability is the exception.'" Id. at 134 (quoting Coyne v. N.J. Dep't of Transp., 182 N.J. 481, 488 (2005) (citation omitted)). Accordingly, "a public entity is 'immune from tort liability unless there is a

specific statutory provision' that makes it answerable for a negligent act or omission." Polzo, 209 N.J. at 65 (quoting Kahrar v. Borough of Wallington, 171 N.J. 3, 10 (2002)).

Pursuant to the TCA,

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that
>
>      . . . .
>
> b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
>
> [N.J.S.A. 59:4-2.]

The TCA defines "public property" as property that is "owned or controlled by the public entity." N.J.S.A. 59:4-1(c). Further, a "'[d]angerous condition' means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable

9

that it will be used." Roman v. City of Plainfield, 388 N.J. Super. 527, 534 (App. Div. 2006) (quoting N.J.S.A. 59:4-1(a)).

> [T]o be considered a "substantial risk of injury" a condition of property cannot be minor, trivial, or insignificant. However, the defect cannot be viewed in a vacuum. Instead, it must be considered together with the anticipated use of the property to determine whether the condition creates a substantial risk of injury and, therefore, qualifies under the statute as dangerous.
>
> [Atalese v. Long Beach Twp., 365 N.J. Super. 1, 5 (App. Div. 2003).]

"Thus, 'when a public entity creates or suffers a dangerous condition on public property that leads ineluctably and foreseeably to injury, it is not insulated from liability under N.J.S.A. 59:4-2 . . . .'" Seals v. Cty. of Morris, 210 N.J. 157, 179 (2012) (quoting Smith v. Fireworks by Girone, Inc., 180 N.J. 199, 217 (2004)).

"Public-entity liability may also be based on the entity's actual or constructive notice of a dangerous condition if its failure to protect against the danger is palpably unreasonable." Polzo, 209 N.J. at 67. "The term 'palpably unreasonable' -- as used in N.J.S.A. 59:4-2 -- 'implies behavior that is patently unacceptable under any given circumstance.'" Id. at 75-76 (quoting Muhammad v. N.J. Transit, 176 N.J. 185, 195-96 (2003)). "When a public entity acts in a palpably unreasonable manner, it should

be 'obvious that no prudent person would approve of its course of action or inaction.'" Id. at 76 (quoting Muhammad, 176 N.J. at 195-96).

The threshold determination as to "[w]hether property is in a 'dangerous condition' is generally a question for the finder of fact." Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 123 (2001). Courts analyzing whether conditions of walkways or road surfaces are "dangerous" within the meaning of the TCA typically review measurements of the gap, crack or other surface defect said to have caused the plaintiff's injury. See, e.g., Charney v. City of Wildwood, 732 F. Supp. 2d 448, 456 (D.N.J. 2010) (finding a one and one-half inch deep, one and one-quarter inch wide triangular hole in boardwalk was not a dangerous condition).

In the present case, the trial court did not comment on whether the raised pavers constituted a "dangerous condition" within the intent of the TCA. But assuming, without deciding, that a deviation in the height among the sidewalk pavers constituted a harmful tripping hazard to allow a jury to conclude the differential created a substantial risk of injury to a pedestrian like plaintiff, there is no proof the Borough had actual or constructive knowledge of it.

Here, no complaints were ever voiced about the condition of the property, nor prior incidents reported. Moreover, museum staff never notified the Borough of any hazard or defect in the area. Nor did any DPW workers notify their superior in accordance with established protocol when such defects are observed.

"The mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Polzo, 196 N.J. at 581 (alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 44 (Law Div. 1990)). Although plaintiff relies on Gianforcaro's opinion that the raised pavers must have existed for a substantial period of time based on photographs taken by plaintiff's wife after the accident, we are not persuaded this establishes constructive notice of the condition. See Maslo v. City of Jersey City, 346 N.J. Super. 346, 350 (App. Div. 2002) (finding the City lacked actual and constructive notice of a one-inch height difference between two portions of a sidewalk, notwithstanding the plaintiff's expert's opinion that the condition must have existed for at least a year).

Finally, even if a jury could reasonably find all other elements, plaintiff has failed to prove the Borough's inaction was "palpably unreasonable." See, e.g., Muhammad, 176 N.J. at 199-200; Carroll, 366 N.J. Super. at 390-91. As we have noted, for a public entity such as the Borough to have acted, or failed to act,

in a manner that is palpably unreasonable, "it must be manifest and obvious that no prudent person would approve of its course of action or inaction."  Holloway v. State, 125 N.J. 386, 403-04 (1991) (quoting Kolitch v. Lindedahl, 100 N.J. 485, 493 (1985)). In other words, the term implies behavior that is "patently unacceptable under any given circumstance."  Lindedahl, 100 N.J. at 493.

Here, we find no proof of "palpable unreasonableness" to warrant jury consideration.  The unrefuted evidence is that the Borough's DPW employees cut grass, collect garbage, and remove snow and leaves on public property in the Borough, including Parker Avenue near the Fort Lee Museum where plaintiff fell, and DPW workers were instructed to alert a supervisor of any hazards. Further, as previously noted, the record is devoid of any evidence of a history of incidents or complaints similar to plaintiff's, or a demonstrable pattern of conduct or practice to suggest the need for a more frequent inspection or maintenance schedule.  As such, plaintiff's claims of palpable unreasonableness presented no jury question.  See Garrison v. Twp. of Middletown, 154 N.J. 282, 311 (1998) (Stein, J., concurring); Maslo, 346 N.J. Super. at 350 (recognizing that the issue could be decided as a matter of law in appropriate cases).

A-5642-16T3

In summary, plaintiff cannot establish the Borough had actual or constructive notice of the condition of which he complains. We further conclude there is an equally fatal lack of evidence that the Borough's inaction with respect to the pavers was "palpably unreasonable." Accordingly, the summary judgment dismissal of plaintiff's complaint was properly ordered.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5642-16T3