**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1145-18T3

KAILEIGH CAGNASSOLA,
a minor by her Guardian Ad
Litem, STEVE CAGNASSOLA,
and STEVE CAGNASSOLA,
individually,

      Plaintiffs-Appellants,

v.

TOWNSHIP OF MANSFIELD,
TOWNSHIP OF MANSFIELD
SHADE TREE COMMISSION,
ERIC RENFORS, and LISA
RENFORS,

      Defendants-Respondents.

_____

        Argued September 11, 2019 – Decided September 26, 2019

        Before Judges Haas and Mayer.

        On appeal from the Superior Court of New Jersey,
        Law Division, Warren County, Docket No. L-0231-16.

        Joseph M. Szesko argued the cause for appellants
        (Zavodnick Perlmutter & Boccia, LLC, attorneys;
        Joseph M. Szesko, on the briefs).

Mark R. Peck argued the cause for respondents Township of Mansfield and Township of Mansfield Shade Tree Commission (Florio Perrucci Steinhardt & Cappelli LLC, attorneys; Mark Renart Peck and Stephen Joseph Boraske, on the brief).

Glenn R. Moran argued the cause for respondents Eric Renfors and Lisa Renfors (Leary, Bride, Mergner & Bongiovanni, PA, attorneys; Glenn R. Moran and Robert Joseph Ciampaglio, on the brief).

PER CURIAM

Plaintiffs[1] allege Kaileigh suffered personal injuries when the bicycle she was riding ran over an elevated and cracked sidewalk in front of a home owned by defendants Eric and Lisa Renfors (Renfors). Plaintiffs claim the Renfors, as residential homeowners, are liable for a dangerous condition created by a tree adjacent to their sidewalk. Plaintiffs also sued defendants Township of Mansfield and Township of Mansfield Shade Tree Commission (collectively, the Township). Plaintiffs contend they satisfied the requirements to pursue their claims against the Township under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 59:12-3. The motion judge granted defendants' motions for

---

[1] Plaintiff Steve Cagnassola filed suit for personal injuries as the legal guardian for his minor daughter, Kaileigh. He also filed suit on his own behalf for loss of consortium due to Kaileigh's injuries.

A-1145-18T3

summary judgment and denied plaintiffs' motion for reconsideration. We affirm.

Plaintiffs alleged roots from a tree growing between the sidewalk in front of the Renfors' home and the street caused the sidewalk to become elevated and uneven. The Renfors bought the home from the original homeowner five years prior to Kaileigh's fall. Plaintiffs believed the tree was planted in 2001 by the developer of the residential community. According to plaintiffs, the tree's roots created the condition that led to Kaileigh's injuries.

Plaintiffs claimed the Township knew of the sidewalk's condition five months prior to Kaliegh's accident and failed to order the Renfors to repair the sidewalk. Alternatively, plaintiffs argued the Township, consistent with its ordinance, should have repaired the sidewalk and imposed a lien against the Renfors' property for the repair.

The motion judge granted summary judgment to the Renfors, finding they had no duty as residential homeowners to repair the sidewalk. The judge also found plaintiffs failed to present evidence the Renfors planted the tree that created the defective condition.

In granting summary judgment to the Township, the judge held the passage of a municipal ordinance, requiring sidewalk repairs be undertaken by

3                                                                    A-1145-18T3

the landowner, did not impose liability on the Township for the defective sidewalk. In addition, the judge determined the Township did not own or control the sidewalk, did not have actual or constructive notice of the alleged defect in the sidewalk, and the Township's action or inaction in enforcing its sidewalk ordinance was not palpably unreasonable.

Plaintiffs filed a motion for reconsideration, which the judge denied.[2] He found plaintiffs failed to satisfy the standard for reconsideration by identifying any new evidence or information the court overlooked or explain why the court's conclusions were palpably incorrect or irrational.

On appeal, plaintiffs argue the judge erred in granting summary judgment to the Township because plaintiffs satisfied the TCA's requirements to overcome the presumption of immunity for public entities. Plaintiffs also contend the judge erred in granting summary judgment to the Renfors because the tree was an artificial condition that created the defective sidewalk and thus the Renfors were liable for Kaileigh's injuries.

---

[2] Plaintiffs include the order denying their motion for reconsideration in their notice of appeal. However, plaintiffs failed to brief the denial of their reconsideration motion. The failure to brief an issue constitutes waiver of that issue. See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

In reviewing a grant of summary judgment, we apply the same standard under Rule 4:46-2(c) that governs the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349-50 (2016). We consider the factual record, and reasonable inferences that can be drawn from those facts, "in the light most favorable to the non-moving party" to decide whether the moving party was entitled to judgment as a matter of law. IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

We first consider plaintiffs' challenge to the dismissal of their claims against the Township. N.J.S.A. 59:4-2 governs a public entity's liability for injuries resulting from dangerous conditions on public property. The statute provides:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> b. a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a

sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

[N.J.S.A. 59:4-2.]

The TCA provides that a public entity is liable if a plaintiff establishes: (1) the public "property was in [a] dangerous condition at the time of the injury"; (2) "the injury was proximately caused by the dangerous condition"; (3) "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred"; and (4) the "public entity had actual or constructive notice of the dangerous condition." N.J.S.A. 59:4-2. Additionally, there is no liability against a public entity "for a dangerous condition of its public property if . . . the failure to take . . . action was not palpably unreasonable." Ibid. If a plaintiff is unable to satisfy each element, then the public entity is entitled to immunity under the TCA. Carroll v. N.J. Transit, 366 N.J. Super. 380, 386 (App. Div. 2004).

The TCA "reestablished the rule of immunity for public entities and public employees, with certain limited exceptions." Marcinczyk v. State Police Training Comm'n, 203 N.J. 586, 594-95 (2010). Under the TCA, "immunity for

public entities is the general rule and liability is the exception." <u>Wright ex rel. Kemp v. State</u>, 147 N.J. 294, 299 (1997).

Plaintiffs contend the Township, as a public entity, is liable for the defective sidewalk. "Before liability under N.J.S.A. 59:4-2 can be imposed on a municipality for injuries sustained due to a property's condition, that property must be deemed public." <u>Norris v. Borough of Leonia</u>, 160 N.J. 427, 449 (1999) (O'Hern, J. concurring). Property is not controlled by a public entity merely because the property is located within a municipality's geographic boundaries. <u>Christmas v. City of Newark</u>, 216 N.J. Super. 393, 398 (App. Div. 1987).

Plaintiffs rely on the Township's Municipal Code, Section 296-37, entitled "Repair of Sidewalks," in support of their argument. The Township's municipal code provides the homeowner "shall be responsible for repair, maintenance and replacement of the sidewalk . . . and shall keep same free from . . . obstructions." Mansfield Township Municipal Code § 296-35. The Township's ordinance imposes responsibility on abutting property owners to repair defective sidewalks in the first instance, not the municipality. Having reviewed the record, we are satisfied the sidewalk is not the property of the Township, and the TCA does not apply.

In addition, plaintiffs failed to provide evidence that the Township had actual or constructive notice of the sidewalk's condition. The Renfors contacted the Township after Kaileigh's accident regarding the sidewalk. Nothing in the record supports plaintiffs' claim that the Township knew about the defective sidewalk prior to the accident. The Township's clerk testified there were no reported complaints regarding that sidewalk until after Kaileigh fell. Nor were plaintiffs able to confirm the date of their communications with the Township regarding the condition of the sidewalk in support of their notice argument.

Further, plaintiffs provided no evidence that the Township had constructive notice of the sidewalk's condition. The Township cannot patrol all sidewalks within its boundaries to determine whether repairs are required. The Township's department of public works has limited personnel and relies on residents to notify it of sidewalks that may require repair. See Maslo v. City of Jersey City, 346 N.J. Super. 346, 350 (App. Div. 2002).

Plaintiffs also argue the Township's action or inaction regarding the sidewalk was palpably unreasonable. The term palpably unreasonable "implies behavior that is patently unacceptable under any given circumstance." Muhammad v. N.J. Transit, 176 N.J. 185, 195 (2003) (quoting Kolitch v. Lindedahl, 100 N.J. 485, 494 (1985)). "[F]or a public entity to have acted or

failed to act in a manner that is palpably unreasonable, 'it must be manifest and obvious that no prudent person would approve of its course of action or inaction.'" Id. at 195-96 (quoting Kolitch, 100 N.J. at 493).

Whether the public entity's behavior was palpably unreasonable is generally a question of fact for the jury. Brown v. Brown, 86 N.J. 565, 580 (1981). However, a determination of palpable unreasonableness, "like any other fact question before a jury, is subject to the court's assessment whether it can reasonably be made under the evidence presented." Maslo, 346 N.J. Super. at 351 (quoting Black v. Borough of Atl. Highlands, 263 N.J. Super. 445, 452 (App. Div. 1993)). "[T]he question of palpable unreasonableness may be decided by the court as a matter of law in appropriate cases." Id. at 350 (citing Garrison v. Twp. of Middletown, 154 N.J. 282, 311 (1998)).

Here, plaintiffs failed to carry "the heavy burden of establishing that defendants' conduct was palpably unreasonable." Russo Farms v. Vineland Bd. of Educ., 144 N.J. 84, 106 (1996). Plaintiffs provided no authority that a public entity's passage of an ordinance requiring property owners to repair sidewalks creates liability on the part of the municipality for defective sidewalks. Nor have plaintiffs shown that the Township's failure to order the Renfors to repair

9

the sidewalk was palpably unreasonable absent evidence of the Township's awareness of the condition.

Based on the evidence presented, there were no factual issues creating a jury question. The Township did not own or control the sidewalk, did not have actual or constructive notice of the defective sidewalk, and the Township's failure to act to repair the sidewalk was not palpably unreasonable. Therefore, plaintiffs failed to satisfy their burden under the Act to impose liability on the Township.

We next consider plaintiffs' challenge to the order granting summary judgment to the Renfors. There are limited circumstances in which a homeowner may be liable to a person who is injured by a raised sidewalk in front of the homeowner's property. See Deberjeois v. Schneider, 254 N.J. Super. 694, 703 (Law Div. 1991), aff'd o.b., 260 N.J. Super. 518 (App. Div. 1992) (holding a tree planted by a property owner on his or her property is an artificial condition for which the property owner is liable). Generally, a residential homeowner is exempt from liability unless the owner, by his or her affirmative conduct, creates a condition that makes the sidewalk dangerous. Luchejko v. City of Hoboken, 207 N.J. 191, 210 (2011).

Here, there is no competent evidence that the Renfors planted the tree. The Renfors assert the tree grew naturally and was not planted by anyone. Plaintiffs surmise the tree was planted by the original developer of the neighborhood prior to the Renfor's purchase of the home. However, despite conducting discovery, there is no proof of any affirmative act by the Renfors, nor by any other identified party in privity with the Renfors, creating the hazard abutting the sidewalk. Plaintiffs had ample opportunity to develop the record concerning the tree's origin and were unable to identify who planted the tree.

In this case, unlike Deberjeois, there is no proof the Renfors, the prior homeowners, or the original developer planted the tree to create an artificial condition. Thus, in accordance with controlling precedent, the judge correctly granted summary judgment to the Renfors.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11