**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1512-18T1

ALLAN SUAREZ,

     Plaintiff-Appellant,

v.

DONNA GALLAGHER, and
COUNTY OF BERGEN, STATE
OF NEW JERSEY,

     Defendants,

and

CITY OF RIDGEFIELD PARK,

     Defendant-Respondent.

_____

> Argued September 17, 2019 – Decided September 30, 2019
>
> Before Judges Fisher and Accurso.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3262-17.
>
> Greg D. Shaffer argued the cause for appellant (Brandon J. Broderick, LLC, attorneys; Alan K. Albert, on the brief).

Bradley M. Wilson argued the cause for respondent (Nowell, P.A., attorneys; Bradley M. Wilson, on the brief).

PER CURIAM

Plaintiff Allan Suarez commenced this suit against Ridgefield Park, seeking damages resulting from injuries he sustained when he allegedly tripped on an uneven portion of a sidewalk across the street from his home. Ridgefield Park successfully moved for summary judgment pursuant to the immunities provided by the Tort Claims Act, N.J.S.A. 59:1-1 to 14-4, and plaintiff appeals. In appealing, plaintiff argues that: he satisfied the Act's notice requirements, N.J.S.A. 59:4-3; the raised sidewalk constituted a dangerous condition, N.J.S.A. 59:4-1; and Ridgefield Park's failure to ameliorate the condition was palpably unreasonable, N.J.S.A. 59:4-2. We find these contentions – as well as the argument that the judge abused his discretion in denying reconsideration – lack sufficient merit to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons set forth by Judge Robert C. Wilson in his written decision. We add only the following brief comments about the first two points.

Any analysis of a public entity's tort liability starts with an understanding that the Tort Claims Act was intended to provide immunity "with liability as an

exception." Gilhooley v. Cty. of Union, 164 N.J. 533, 538 (2000). Notwithstanding, plaintiff attempts to avoid these obstacles by first arguing that Ridgefield Park may be found liable because its property – a portion of the sidewalk across from plaintiff's home – was "in dangerous condition at the time of the injury." N.J.S.A. 59:4-2. The contention is that the sidewalk slabs were uneven, with one protruding – according to plaintiff – one-and-one-half inches above the other. Even if plaintiff's factual assertion is accurate – which we assume only because the matter was disposed of by way of summary judgment – uneven sidewalk slabs do not necessarily constitute dangerous conditions as defined by the Act. As Judge Wilson correctly observed, a defect is not a dangerous condition merely because it exists. See Polyard v. Terry, 160 N.J. Super. 497, 508 (App. Div. 1978). And an alleged defect must be more than "minor, trivial, or insignificant." Atalese v. Long Beach Twp., 365 N.J. Super. 1, 5 (App. Div. 2003). Plaintiff was required to show that the condition created "a substantial risk of injury" when the property is used "with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). A declivity of one or one-and-one-half inches in a sidewalk[1] – a

_____

[1] We also agree with the trial judge's assessment of the moving and opposing papers and, in particular, plaintiff's inability to show that the sidewalk condition

commonplace defect, Polyard, 160 N.J. Super. at 509 – does not meet the Act's definition of a dangerous condition. See Wilson v. Jacobs, 334 N.J. Super. 640, 648 (App. Div. 2000).

Plaintiff also failed to show, as required by N.J.S.A. 59:4-3(b), that Ridgefield Park had actual or constructive notice of the alleged defect. There is no evidence to suggest Ridgefield Park received any complaints about this sidewalk. Instead, the evidence in the record demonstrates that neither plaintiff, who lived across the street, nor plaintiff's neighbor, whose property abutted the allegedly defective sidewalk, ever uttered a complaint about the sidewalk. And the fact that Ridgefield Park has a shade tree commission and that it would fix defects when brought to its attention hardly provides a basis for finding it possessed constructive notice of any sidewalk defects that were not brought to its attention. See Maslo v. City of Jersey City, 346 N.J. Super. 346, 350 (App. Div. 2002); see also Garrison v. Twp. of Middletown, 154 N.J. 282, 311 (1998) (Stein, J., concurring) (recognizing that such an alleged defect constitutes "a maintenance item of low priority" for municipalities).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

described by his expert in February 2018 actually existed at the time of the injury in June 2015.

4                                                                    A-1512-18T1