**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3754-18T1

ELLEN M. CAVILLA,

    Plaintiff-Appellant,

v.

COUNTY OF ATLANTIC,

    Defendant-Respondent.

_____

Submitted February 10, 2020 – Decided May 11, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0689-17.

Jeffrey M. Sheppard, attorney for appellant.

James Ferguson, County Counsel, attorney for respondent (Alan J. Cohen and Daniel J. Solt, Assistant County Counsels, on the brief).

PER CURIAM

    Plaintiff, Ellen Cavilla, appeals from the grant of summary judgment dismissing her civil complaint for negligence against Atlantic County. She also

appeals from the denial of her motion for reconsideration. Cavilla alleges that she tripped over a partially exposed pipe and fractured her wrist while fishing in Gaskill Park in April 2015. The County successfully moved for summary judgment arguing that Cavilla had not presented a genuine issue of material fact and failed to establish a prima facie case of negligence under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3. We have reviewed the motion record de novo and agree with the trial court that Cavilla failed to present evidence that the County had actual or constructive knowledge of the alleged dangerous condition, as required under the TCA. We therefore affirm the judgment below.

## I.

We begin our analysis by acknowledging the legal principles governing this appeal. Our review of a trial court's summary judgment order is de novo. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). As a result, the trial court's analysis is not entitled to any special deference. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

We apply the same standards as the trial court when reviewing an appeal of an order granting summary judgment. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). Summary judgment is proper when the motion record shows "that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). A genuine issue of material fact exists when the motion materials, "viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co., 142 N.J. 520, 540 (1995).

If there is no genuine issue of material fact, we will then conduct de novo review of the trial court's application of law in deciding the motion. See Selective Ins. Co. v. Hudson E. Pain Mgmt. Osteopathic Med., 210 N.J. 597, 604–05 (2012) (applying a de novo standard of review to issues of statutory construction implicated in motions for summary judgment).

The standard of review on a motion for reconsideration is more deferential. "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

A-3754-18T1

Turning to the substantive legal principles that apply in this case, the TCA requires a plaintiff to demonstrate five elements in order to maintain a valid claim against a public entity for personal injury caused by a dangerous condition on public property. N.J.S.A. 59:4-2. A public entity is liable for injury caused by a condition of its property only if the plaintiff establishes: (1) that the property was in a dangerous condition at the time of the injury; (2) that the injury was proximately caused by the dangerous condition; (3) that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred; (4) that the public entity created the dangerous condition or had actual or constructive notice of the dangerous condition a sufficient time prior to the injury to have taken measures to protect against the dangerous condition; and (5) that the public entity's actions were "palpably unreasonable." N.J.S.A. 59:4-2; see also Coyne v. Dep't of Transp., 182 N.J. 481, 489 (2005) (articulating the five-factor test for liability of a public entity for injuries occurring on its property (citing Kolitch v. Lindedahl, 100 N.J. 485, 492–93 (1985)).

This appeal turns on whether the motion record includes proof that the public entity had actual or constructive notice of the dangerous condition. Actual notice exists when a public entity has "actual knowledge of the existence of the condition and knew or should have known of its dangerous character." N.J.S.A.

59:4-3(a).  A public entity is deemed to have constructive notice of a dangerous condition "only if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character."  N.J.S.A. 59:4-3(b).

In Maslo v. City of Jersey City, we held that the mere existence of a one-inch differential in elevation between portions of a sidewalk, without more, did not provide the City with adequate notice of the existence of a dangerous condition.  346 N.J. Super. 346, 350 (App. Div. 2002).  In that case, we affirmed the trial court's grant of summary judgment because the plaintiff failed to produce any evidence that the City had notice of the problem, despite plaintiff's expert testifying that the condition likely existed for more than a year.  Id. at 349–50.

## II.

Our de novo review of the motion record indicates that Cavilla cannot successfully establish a prima facie case of negligence because she has not presented evidence that the County had actual or constructive notice of the location or condition of the pipe so as to create a question of fact for a jury to decide.  Cavilla argues on appeal that photographs of the pipe create a fact

question as to the constructive notice issue. We disagree.[1] Although these photographs, viewed in the light most favorable to Cavilla, may establish that a dangerous condition existed, they do not indicate that the County had actual or constructive notice of that condition.

At oral argument on the motion for summary judgment, counsel for Cavilla alluded to the fact that because the County was "actively" and "regularly" mowing the area, it must have been aware that a pipe was present. Like the trial court, we find this argument to be unpersuasive.

Additionally, Cavilla did not depose the superintendent of Atlantic County Parks, Eric Husta, or otherwise provide evidence that the County was on notice of the partially camouflaged pipe that caused plaintiff's accident. Husta provided an affidavit in which he testified that he conducted a diligent search of the Atlantic County Park records and found no record of a visitor notifying the park system of any dangerous condition regarding the pipe. The record thus

---

[1] The photographs of the pipe in the motion record were taken nine to eighteen months after the accident. The photos show that the pipe was at least partially obscured by soil and grass. Cavilla initially maintained that those photographs accurately depicted the condition of the accident scene on the date of her fall. Cavilla subsequently provided a second affidavit as part of her motion for reconsideration in which she claims the pipe was discernable. There is inherent tension between Cavilla's argument that the pipe was sufficiently concealed to constitute a dangerous condition and yet was of such an obvious nature as to put the County on actual or constructive notice of the condition.

indicates that the first time the park system was notified of this condition was when the County received Cavilla's present claim.

In these circumstances, we conclude that Cavilla failed to present evidence to indicate defendant was on either actual or constructive notice of the condition. Although Cavilla's failure to establish the TCA notice element is sufficient to support the grant of summary judgment and dismissal of the complaint, we add that she also failed to satisfy element five in that she presented no evidence that defendant acted in a "palpably unreasonable" manner. N.J.S.A. 59:4-2. We conclude from our review of the record that the County did not act in a way that is beyond ordinary negligence or in a way that could reasonably be described as a manner in which "no prudent person would approve of its course of action or inaction." Coyne, 182 N.J. at 493. As we have noted with respect to our review of the fourth TCA element, no one in the County was notified of any condition regarding the pipe until Cavilla filed the present complaint. In these circumstances, Cavilla has presented no evidence from which to conclude that the County acted in a palpably unreasonable manner. N.J.S.A. 59:4-2.

In sum, all of Cavilla's evidence, even when viewed in the light most favorable to her, has not established a prima facie case of negligence under the

TCA. The County therefore is entitled to summary judgment. Furthermore, Cavilla has not demonstrated that the trial court abused its discretion in denying her motion for reconsideration.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3754-18T1