**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1642-20

SUSAN BLAKE,

     Plaintiff-Appellant,

v.

STIPE I. GLAVAN, CARLA
F. GLAVAN, BOROUGH OF
WESTWOOD, and COUNTY OF
BERGEN,

     Defendants-Respondents.

_____

Submitted March 21, 2022 – Decided March 29, 2022

Before Judges Fasciale and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3474-19.

Atkins, Tafuri, Minassian, D'Amato & Beane, PA, attorneys for appellant (Kenneth F. D'Amato, of counsel and on the briefs).

Gregory P. Helfrich & Associates, attorneys for respondents Stipe I. Glavan and Carla F. Glavan (Douglas M. Barnett, on the brief).

Botta Angeli, LLC, attorneys for respondent Borough of Westwood (Renee McCaskey, of counsel and on the brief).

PER CURIAM

In this case involving a two-and-one-half inch raised sidewalk in front of a residential home, plaintiff appeals from December 21, 2020 orders granting defendants' motions for summary judgment and a February 5, 2021 order denying reconsideration. The judge correctly concluded defendants Stipe Glavan and Carla Glavan (homeowners) owed no duty to plaintiff to repair the uneven sidewalk. We therefore affirm summary judgment as to the homeowners. For defendant Borough of Westwood (Borough), although the judge concluded there existed no dangerous condition, the Borough had no actual or constructive notice of the dangerous condition, and the Borough did not act palpably unreasonably, we conclude those matters involve questions of fact precluding summary judgment. We therefore reverse the orders as to the Borough.

As part of his February 2016 inspection before the homeowners purchased the house, the homeowners' inspector documented "a tripping hazard is present" on the sidewalk in front of the premises. Prior to closing, the sellers of the home arranged for an inspection as part of their obligation to obtain a certificate of

2

occupancy (CO) before they sold the house to the homeowners. The CO called

for an inspection of the sidewalk by the town. The homeowner bought the

premises without repairing the sidewalk, and one year later, the accident

occurred as plaintiff jogged on the sidewalk and tripped on a raised slab in front

of the home. After the accident, and in response to the Borough's request, the

homeowners attempted to repair the dangerous condition by pouring concrete

over the uneven sidewalk slabs.

On appeal, plaintiff raises the following points for our consideration:

POINT I

THE [MOTION JUDGE] ERRED IN GRANTING
SUMMARY JUDGMENT TO THE BOROUGH . . .
AND IN DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION[.]

A. Standard of Review

B. Plaintiff Presented Sufficient Credible
Evidence of [The Borough]'s Liability Under The
Tort Claims Act[1] For Dangerous Condition Of
Public Property.

1. Plaintiff presented sufficient credible
evidence of a dangerous condition.

2. Plaintiff presented sufficient credible
evidence of [the Borough]'s constructive

_____

[1] N.J.S.A. 59:1-1 to 12-3.

notice of the dangerous condition of the sidewalk in front of [the property].

3. Plaintiff presented sufficient credible evidence that [the Borough]'s failure require the repair of the sidewalk was palpably unreasonable under the circumstances.[2]

POINT II

THE [MOTION JUDGE] ERRED IN GRANTING SUMMARY JUDGMENT TO THE . . . HOMEOWNERS . . . AS THE PARTICULAR CIRCUMSTANCES GAVE RISE TO A DUTY TO REPAIR THE HAZARDOUS CONDITION OF THE SIDEWALK[.]

Our standard of review is settled. We review the orders de novo. Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Under Rule 4:46-2(c), a judge should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ordinarily, a movant "must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial

---

[2] To comport with our style conventions, we have altered the capitalization of defendant's subpoints 1, 2 and 3 but have omitted these alterations for readability.

nature'; a non-movant will be unsuccessful 'merely by pointing to <u>any</u> fact in dispute.'" <u>Prudential</u>, 307 N.J. Super. at 167 (quoting <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 529-30 (1995)). We consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, [here, plaintiff,] are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." <u>Brill</u>, 142 N.J. at 540.

## I.

As to the Borough, plaintiff must satisfy the requirements of N.J.S.A. 59:4-2. <u>See</u> <u>Ogborne v. Mercer Cemetery Corp.</u>, 197 N.J. 448, 458 (2009). N.J.S.A. 59:4-2 states in part that

> [a] public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that . . . :
>
> . . . .
>
> b. a public entity had actual or constructive notice of the dangerous condition under [S]ection 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

5

Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.

A.

A "'dangerous condition' means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). We have previously defined substantial risk as one neither minor, trivial, nor insignificant. Atalese v. Long Beach Twp., 365 N.J. Super. 1, 5 (App. Div. 2003). "However, the defect cannot be viewed in a vacuum. Instead it must be considered together with the anticipated use of the property . . . ." Ibid. We have also concluded, in similar circumstances, there was a genuine issue of material fact as to the existence of a dangerous condition concerning an uneven sidewalk. See, e.g., Roman v. City of Plainfield, 388 N.J. Super. 527, 528-30, 536-38 (App. Div. 2006) (reversing where the sidewalk was "two inches higher than the abutting slab").

"Whether property is in a 'dangerous condition' is generally a question for the finder of fact." Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 123 (2001). But a judge could determine as a matter of law if a factfinder could

6

not reasonably find the plaintiff established the property was in a dangerous condition. Id. at 124.

Viewing the evidence in a light most favorable to plaintiff, plaintiff has shown a material disputed fact regarding the existence of a dangerous condition, which must be resolved by the jury. Plaintiff demonstrated this condition existed at the time of the accident and that the Borough itself considered it a tripping hazard after the accident. Thus, a reasonable factfinder could find the sidewalk was in a dangerous condition when plaintiff fell. See id. at 124. And much like in Roman, the two and one-half inch raised sidewalk is a dangerous condition and the judge erred in concluding as a matter of law it was not. See 388 N.J. Super. at 535-37.

## B.

Plaintiff asserts that "based upon the inspection for a" CO before the homeowners purchased their home, there is substantial evidence that the Borough had constructive notice of the elevated sidewalk. The Borough contends that "[a]ny alleged dangerous characteristics of the sidewalk were not 'open and obvious' as to warrant action." We agree there are genuine material disputed facts regarding the Borough's constructive notice of the dangerous condition.

A-1642-20

Under N.J.S.A. 59:4-3(b):

> A public entity shall be deemed to have constructive notice of a dangerous condition within the meaning of subsection b of [S]ection 59:4-2 only if the [p]laintiff established that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character.

"[T]he mere '[e]xistence of an alleged dangerous condition is not constructive notice of it." Polzo v. Cnty. of Essex (Polzo I), 196 N.J. 569, 581 (2008) (second alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)). And a plaintiff must show that the public entity had constructive notice of the dangerous condition "a sufficient time prior to the injury to have taken measures to protect against" it. See Norris v. Borough of Leonia, 160 N.J. 427, 446 (1999) (quoting N.J.S.A. 59:4-2).

As to the appropriateness of summary judgment and constructive notice, we previously concluded that a question of fact had existed regarding whether a municipality had constructive notice of a raised sidewalk where the condition was "open and obvious," the defective condition existed for nearly eighteen years, and similar defects were present throughout the neighborhood. Lodato v. Evesham Twp., 388 N.J. Super. 501, 511-12 (App. Div. 2006). But we have found no question of fact existed where a plaintiff, a longtime resident of the

8

neighborhood where the injury occurred, never noticed the defect prior to the injury.  See Gaskill v. Active Env't Techs., Inc., 360 N.J. Super. 530, 537 (App. Div. 2003); see also Maslo v. City of Jersey City, 346 N.J. Super. 346, 349 (App. Div. 2002) (holding that the record did not show the public entity had notice even where there was "an observable difference in height" in the sidewalk and the sidewalk is inspected by the public entity's regular course).

It is undisputed that the homeowners' inspector identified the raised sidewalk as a tripping hazard in 2016.  And the Borough performed a separate inspection of the property, which included the sidewalk, before issuing a CO. The issuance of the CO called for an inspection of the sidewalk by the Borough. The defect in the sidewalk existed for at least fifteen months before plaintiff's injury.  Plaintiff made a sufficient showing that there is a question of fact concerning whether the Borough had constructive notice of the dangerous condition.

Here, unlike in Maslo, there was an identified instance where the Borough could have discovered the defective condition.  See 346 N.J. Super. at 349.  And a home inspector specifically characterized the raised sidewalk as a tripping hazard.  The Borough subsequently inspected the property.  Applying our standard of review, the Borough had constructive notice, if not actual notice, of

the raised sidewalk as an open and obvious defect. See Lodato, 388 N.J. Super. at 511-12 (concluding that a "raised sidewalk condition is open and obvious"). And unlike in Norris—where the alleged defects were minor cracks in the curb—the defects here were substantially more conspicuous. See 160 N.J. at 447. Thus, looking at the evidence in a light most favorable to plaintiff, plaintiff presented sufficient credible evidence that there is at least a question of fact concerning whether the Borough had constructive notice of the alleged dangerous condition.

## C.

Finally, plaintiff asserts that the Borough's failure to require repair of the sidewalk, after a CO inspection, was palpably unreasonable.

A plaintiff must not just show that a public entity's conduct was unreasonable, but it must also show that the conduct was "palpably unreasonable." See Roman, 388 N.J. Super. at 534. Palpably unreasonable differentiates from ordinary negligence as palpably unreasonable "implie[s] a more obvious and manifest breach of duty and imposes a more onerous burden on the plaintiff." Ogborne, 197 N.J. at 459 (quoting Kolitch v. Lindehal, 100 N.J. 485, 493 (1985)). A public entity's conduct must be "manifest and obvious that no prudent person would approve of its course of action or inaction." Ibid.

(quoting Kolitch, 100 N.J. at 493).  Generally, the palpable unreasonableness of an entity's conduct is a question for the trier of fact.  See Vincitore, 169 N.J. at 130; see also Tymcyszyn v. Columbus Gardens, 422 N.J. Super. 253, 265 (App. Div. 2011) (holding that a jury could find the defendant palpably unreasonable in failing to ensure a sidewalk was free of snow during the time of high-pedestrian traffic).  But it may appropriate for a judge to determine, as a matter of law, an entity's actions are not palpably unreasonable in certain circumstances.  See Polzo v. Cnty. of Essex (Polzo II), 209 N.J. 51, 75 n.12 (2012).

There is no question that the Borough believed the condition was dangerous.  If that were not the case, the Borough would not have requested (after the accident) that the homeowners make repairs.  Here, unlike in Polzo II, it is inappropriate to conclude the Borough's conduct was not palpably unreasonable as a matter of law.  In Polzo II, the plaintiff alleged that the county's failure to repair a particular pothole on the shoulder of a road was palpably unreasonable.  See 209 N.J. at 75-77.  But our Court held it was not because the injury occurred on a relatively low-priority portion of the roadway. Id. at 77.  Specifically, the Court held that because the county was

> responsible for maintaining an extensive network of
> roads . . . .  There were no prior complaints or reports

11

of injuries . . . . The shoulder of a roadway[, where the injury occurred,] is generally intended for emergency use, not ordinary travel . . . . It is fair to say that in view of the County's considerable responsibility for road maintenance in a world of limited public resources, the depression here, barely one-and-one-half inches in depth on the roadway's shoulder, might not have been deemed a high priority . . . .

[Id. at 77-78.]

However, here, the remote site of the injury and burden on the Borough are not relevant considerations—especially in comparison to Polzo II. The injury occurred on a sidewalk directly in front of the homeowners' home. The Borough does not regularly inspect residential sidewalks. It only does so, like here, when a CO inspection is needed (or a person sends in a complaint about a defective sidewalk). There is no burden on the Borough because it had to inspect the sidewalk as part of issuing the CO.

## II.

As to sidewalks and a property owners' duty to maintain a safe sidewalk abutting their property, our Court has imposed a duty only on commercial property owners. Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157-58 (1981). There is no common-law duty on residential property owners to maintain the public sidewalks in front of their homes. Luchejko v. City of Hoboken, 207 N.J. 191, 208-10 (2011). "[R]esidential property owners stand on different footing

12

than commercial owners who have the ability to spread the cost of the risk through the current activities of the owner." Id. at 206. And, "[t]he commercial/residential dichotomy represents a fundamental choice to not impose sidewalk liability on homeowners," thus establishing a bright-line rule. See id. at 208, 210. Our Court has routinely declined to extend sidewalk liability to residential property owners. See Stewart, 87 N.J. at 157-58; see also Luchejko, 207 N.J. at 206-10.

Affirmed as to the homeowners; reversed as to the Borough.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1642-20