**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2245-24

DONNA BOLIS and
EDWARD BOLIS,

    Plaintiffs-Appellants,

v.

BOROUGH OF
MERCHANTVILLE,

    Defendants-Respondents.

_____

Submitted December 9, 2025 – Decided February 25, 2026

Before Judges Rose and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0063-24.

Peter J. McNamara, attorney for appellants.

John M. Palm, LLC, attorney for respondents (John M. Palm, on the brief).

PER CURIAM

Plaintiff Donna Bolis[1] appeals from the summary judgment dismissal of her personal injury complaint against defendant Borough of Merchantville and the consequential denial of her motion to extend discovery. Because the Borough established a shade tree commission (STC), vested with exclusive control over all trees located within the Borough, the motion court determined plaintiff could not establish the Borough acted in a "palpably unreasonable" manner under N.J.S.A. 59:4-2 of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to :12-3.

Before us, plaintiff maintains the Borough's failure to remove a tree stump caused her trip and fall on a public sidewalk and, as such, the Borough's conduct was palpably unreasonable. She further asserts additional discovery was necessary to determine the genesis and duration of the dangerous condition. The Borough urges us to affirm primarily for the reasons stated by the motion court. For the first time on appeal, the Borough asserts, even if the STC requested the Department of Public Works (DPW) remove the stump, the Borough is entitled

---

[1] All references to plaintiff in our opinion are to Donna Bolis. The per quod claim of her husband, Edward Bolis, was wholly derivative.

A-2245-24

to discretionary immunities under N.J.S.A. 59:2-3(c) of the TCA.[2]  For the following reasons, we vacate the March 7, 2024 Law Division orders under review and remand for further proceedings.

## I.

We summarize the facts from the motion record in a light most favorable to plaintiff as the non-moving party.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c).  On December 14, 2022, while attempting to load items she purchased from a candy store into the passenger's side of her car, plaintiff's foot hit a tree stump causing her to trip and fall.  The stump was contained in a tree well surrounded by a metal grate and was located on the sidewalk adjacent to the parking spaces on West Maple Avenue in the Borough.  It is undisputed the sidewalk is owned, controlled, and maintained by the Borough.  At deposition, plaintiff testified she did not notice the tree stump prior to her fall because "it was covered by leaves."

After her fall, plaintiff contacted the Merchantville Police Department. Officer Tyler Beach responded, spoke with plaintiff, created an incident report, took photos of the stump, and reported the stump to the Borough's DPW.  When

---

[2]  Because the Borough failed to raise its alternative immunity argument under N.J.S.A. 59:2-3(c) before the motion court, we decline to consider its belated argument.  See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

A-2245-24

deposed, Beach testified he contacted the DPW because he believed the stump "might be dangerous." Beach testified at some point the stump was removed, but "[he] didn't realize it until . . . months after" the incident.

Referencing Google Maps images annexed to his certification in opposition to defendant's summary judgment motion, plaintiff's counsel asserted between August 2012 and October 2022 the tree and stump at issue were depicted in various conditions. In particular: an August 2012 image depicted a full tree was present where plaintiff fell; a September 2016 image showed the tree was removed and a cone placed over the remaining stump; July 2017, July 2018, and August 2019 images depicted the stump covered with an orange cone bearing two circular white stripes; and, an October 2022 image showed the stump without the cone.

The Borough's STC was established by ordinance. Under Section 13-8, the STC is authorized to "exercise the powers conferred and perform the duties imposed upon it" pursuant to N.J.S.A. 40:64-1 to -14. Accordingly, the STC is authorized to "[e]xercise full and exclusive control over the regulation, planting and care of shade and ornamental trees and shrubbery," N.J.S.A. 40:64-5(a), and "[m]ove or require the removal of any tree, or part thereof, dangerous to public safety," N.J.S.A. 40:64-5(c).

A-2245-24

When deposed, Ray Woods, a Borough council member and liaison to the STC, testified about the STC's responsibilities. Consistent with the Borough's ordinance and N.J.S.A. 40:64-5(a), Woods confirmed the STC "is responsible for the maintenance of all Borough trees on public lands" and "monitoring the health of trees in the Borough." If the STC seeks to remove a tree, the STC works through the DPW; if the DPW cannot remove the tree, the DPW contracts with a third party to do so.

Woods spoke with STC commissioners after plaintiff's fall, who indicated "[t]hey weren't aware of the tree [at issue]." He was not sure if the STC or the DPW cut down the tree. Woods confirmed he had no documentation regarding who removed the stump.

According to Woods, in the summer of 2020, the STC conducted an inventory of all trees located in the Borough through an outside company. On the tree inventory survey annexed as an exhibit to defense counsel's trial court reply brief, the stump at issue was recorded and marked for "Stump Removal" on September 2, 2020. Woods further testified he had no "record of any action that was taken on a tree prior to" the survey.

After plaintiff filed her January 8, 2024 complaint, the Law Division scheduled the discovery end date (DED) for November 13, 2024, which was

5

extended once by consent to January 10, 2025. On January 13, 2025, the matter was scheduled for mandatory non-binding arbitration on February 26, 2025.

Also on January 13, plaintiff's counsel sent an expert report to defense counsel. On January 16, defense counsel objected to the late expert report. Accordingly, on January 21, plaintiff moved to extend the DED.[3]

On January 24, 2025, the Borough moved for summary judgment, claiming immunities under N.J.S.A. 40:64-14 and N.J.S.A. 59:4-2. On January 30, plaintiff's counsel sent a letter to defense counsel seeking additional discovery. Counsel requested disclosure of: "the names and contact information of all [STC] members" since 2012, asserting "that [wa]s when the tree appear[ed] in the pictures on Google Maps"; all documents in the STC's possession regarding work undertaken from 2012 until plaintiff's accident on December 14, 2022, including "notes, emails, work request orders[,] and any other documents pertaining to the condition of any trees in the Borough"; "budgetary payments to the [STC]"; information concerning DPW members from 2016 to 2024; information from the DPW regarding work on the tree at

---

[3] In his certification in support of motion, plaintiff's counsel averred on December 16, 2024, he sent correspondence to defense counsel and asked whether he objected to plaintiff's providing the report by January 24, 2025, but defense counsel did not respond.

issue from the date of removal; and depositions of STC representatives to determine their knowledge about the tree stump at issue.

In the letter, plaintiff's counsel stated, "the only information we have available to date is that the tree stump was removed by the [DPW, but] absolutely no information has been produced indicating that the [STC] had anything to do with the tree stump in question whatsoever." Counsel further stated, "nothing has been produced to indicate who put the orange cone over the stump during the years preceding [his] client's fall."

On February 28, 2025, the court held oral argument on both motions. Citing our decision in Black v. Borough of Atlantic Highlands, 263 N.J. Super. 445 (App. Div. 1993), defense counsel asserted, because "the Borough set up the [STC] to have full and exclusive control" of the municipality's trees, "that immunity inures to the benefit of the Borough." Counsel therefore claimed, in view of the Borough's establishment of the STC, plaintiff could not demonstrate the municipality's behavior was "palpably unreasonable" under that exception to the statutory immunity embodied in the TCA. Defense counsel acknowledged, for purposes of the present decision, "the [DPW] probably did the work."

Plaintiff's counsel countered "the reasonable inferences from the evidence is that the [DPW], which is a part of the Borough . . . , removed the tree, cut it

down, left the stump, created the dangerous condition, [and] hid the dangerous condition by covering it with an orange cone for years." Plaintiff then tripped and fell over the stump, and "the Borough" removed the stump thereafter. Plaintiff's counsel explained if granted a discovery extension, plaintiff would depose DPW personnel to determine "who put the cone there" and "why was it there for five or six years."

On March 7, 2025, the court issued an oral decision and memorializing order granting summary judgment in favor of the Borough. In its decision, the court recognized, "a protruding tree stump could be determined to be a dangerous condition" under N.J.S.A. 59:4-2 of the TCA. The court further found the parties disputed which entity "actually took down the tree, leaving the tree stump" and plaintiff contended that fact was relevant to her argument the Borough created the dangerous condition. However, the court determined resolution of the issue "d[id]n't change the fact that the Borough gave exclusive control of [its] trees . . . to the [STC]." Citing Black, the court was persuaded "the [TCA] provides immunity to the Borough" through the establishment of the STC, which commissioned a forestry plan including the tree at issue.

Also on March 7, 2025, the court issued a separate order denying plaintiff's motion to extend discovery. Although, as plaintiff recognizes in her

A-2245-24

merits brief, the court denied the motion because it dismissed her complaint on summary judgment, the order did not set forth factual or legal findings. See R. 1:7-4(a).

## II.

We review de novo the trial court's summary judgment decision, employing the same Brill standard that governed the trial court. See In re Est. of Jones, 259 N.J. 584, 594 (2025). Under Rule 4:46-2(c), a summary judgment motion should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." A genuine issue of material fact exists where, when viewed in the light most favorable to the non-moving party, a rational fact-finder could find in favor of the non-moving party. Brill, 142 N.J. at 540. We owe no deference to the trial court's legal analysis. The Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017).

Subject to training and accreditation requirements, see N.J.S.A. 59:4-10(a)(2), statutorily established STCs enjoy absolute immunity from liability for certain accidents that result in death or injury, see N.J.S.A. 40:64-14. Pursuant

A-2245-24

to N.J.S.A. 40:64-14, an STC is not "responsible for the death or injury of any person" and "[l]iability for any such death or injury shall be governed by the provisions of [N.J.S.A. 59:4-10] and any other relevant provisions of the [TCA]."

N.J.S.A. 59:4-2 of the TCA governs a public entity's liability for injuries resulting from dangerous conditions on public property. The TCA provides a public entity is liable if a plaintiff establishes: (1) "the property was in dangerous condition at the time of the injury"; (2) "the injury was proximately caused by the dangerous condition"; (3) "the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred"; and (4) "a negligent or wrongful act or omission" by the public entity's employee, "within the scope of his [or her] employment created the dangerous condition" or the "public entity had actual or constructive notice of the dangerous condition." N.J.S.A. 59:4-2. Additionally, there is no liability against a public entity "for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable." Ibid.

If a plaintiff is unable to satisfy each element, then the public entity is entitled to immunity under the TCA. See Carroll v. N.J. Transit, 366 N.J. Super.

380, 386-87 (App. Div. 2004).  Under the TCA, "immunity for public entities is the general rule and liability is the exception."  Kemp by Wright v. State, 147 N.J. 294, 299 (1997).

The term, "palpably unreasonable," "implies behavior that is patently unacceptable under any given circumstance."  Kolitch v. Lindedahl, 100 N.J. 485, 493 (1985).  "[F]or a public entity to have acted or failed to act in a manner that is palpably unreasonable, 'it must be manifest and obvious that no prudent person would approve of its course of action or inaction.'"  Ibid. (quoting Polyard v. Terry, 148 N.J. Super. 202, 216 (Law Div. 1997), rev'd on other grounds, 160 N.J. Super. 497 (App. Div. 1978)).

Whether the public entity's behavior was palpably unreasonable is generally a question of fact for the jury.  See Brown v. Brown, 86 N.J. 565, 580 (1981).  However, a determination of palpable unreasonableness, "like any other fact question before a jury, is subject to the court's assessment whether it can reasonably be made under the evidence presented."  Maslo v. City of Jersey City, 346 N.J. Super. 346, 351 (App. Div. 2002) (quoting Black, 263 N.J. Super. at 452).  Thus, "the question of palpable unreasonableness may be decided by the court as a matter of law in appropriate cases."  Id. at 350.

A-2245-24

In Black, the plaintiff slipped on rotting crab apples that had fallen from trees planted by the borough defendant. 263 N.J. Super. at 448. The plaintiff sued the borough and its STC, contending the falling crab apples constituted a hazardous condition for a substantial period of time, about which she had previously complained to defendants on multiple occasions. Id. at 448-49. The STC hired the co-defendant tree trimmer, who failed to prune the tree at issue prior to the plaintiff's fall. Id. at 450.

Citing N.J.S.A. 40:64-14, the borough moved for summary judgment and the court granted the motion on that basis. Id. at 448-49. We affirmed, noting the borough was "aware of the existence of a dangerous condition, and thus potentially responsible for the nuisance consequences." Id. at 451. However, we determined it was not necessary to decide whether N.J.S.A. 40:64-14 conferred immunity because the TCA provided an independent basis for protection from liability. Ibid. Specifically, we held "[i]n light of the extraordinary breadth of authority, expressed in terms of 'exclusive control,' granted to [STCs] under N.J.S.A. 40:64-5, it could not have been palpably unreasonable for the borough to rely upon the method of performance chosen by its functioning [STC] in this case." Ibid. (footnote omitted).

12

Crucially, however, unlike the present matter, the STC in <u>Black</u> hired an independent contractor to perform the work. <u>Id.</u> at 452. Here, it appears likely the DPW performed the work, evidenced by defense counsel's concession for purposes of the present motion. But the record does not conclusively establish the STC delegated the stump's removal to the DPW and, if so, whether the DPW removed the tree, placed the cone on the stump, removed the cone, or permitted the stump to remain uncovered – and for how long – prior to plaintiff's fall.

Plaintiff's motion to extend discovery did not contemplate resolution of this issue without further discovery until defendant moved for summary judgment. Instead, in her opposition to defendant's motion, plaintiff clarified additional discovery was necessary to establish defendant caused or contributed to her fall by failing to remove the dangerous condition. Resolution of that issue bears upon her argument that the Borough cannot enjoy immunity under the TCA because its conduct was palpably unreasonable.

We therefore conclude the court misapplied its discretion, <u>see</u> <u>Pomerantz Paper Corp. v. New Cmty. Corp.</u>, 207 N.J. 344, 371 (2011), by failing to grant plaintiff's motion to extend the DED and prematurely granting summary judgment in defendant's favor. We therefore reverse both orders under review and remand the matter to the motion court to reopen discovery. We leave the

13

terms and conditions of the extended discovery period to the court's sound discretion.

Reversed and remanded. Jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2245-24